An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN RE: DISCIPLINE OF DAVID K. ARASE, ESQ.

No. 59717

FILED

FEB 22 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER APPROVING CONDITIONAL PLEA AGREEMENT AND ENJOINING ATTORNEY FROM PRACTICING LAW IN NEVADA

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that we approve California attorney David K. Arase's conditional guilty plea agreeing to an injunction prohibiting him for practicing law in Nevada.[1] See SCR 113(1), (3); SCR 105(3)(b). Arase, who is not licensed to practice law in Nevada, was affiliated with a non-attorney company advertising foreclosure and short sale related legal services nationwide. Several Nevada homeowners contacted the company, and the company referred these Nevada clients to Arase. He accepted and retained these Nevada clients, but failed to perform work on their behalves. When contacted by the State Bar, it is

---

[1] Arase was, at all times pertinent to this matter, licensed to practice law in California. However, he has never been a licensed attorney in Nevada. Nonetheless, this court has jurisdiction to impose discipline on Arase, regardless of the fact he is not a member of the State Bar of Nevada. See SCR 99(1); Matter of Discipline of Droz, 123 Nev. 163, 167-68, 160 P.3d 881, 884 (2007).

13-05635

alleged that Arase claimed he was affiliated with a Nevada licensed attorney when he was not.

Under the plea agreement, Arase admitted to the following ethical violations: RPC 1.1 (competence); RPC 1.3 (diligence); RPC 1.5 (fees); RPC 4.1 (truthfulness in statements to others); RPC 5.5 (unauthorized practice of law); RPC 7.1 (communications concerning a lawyer's services); RPC 7.2(k) (advertising); and RPC 7.5A (registration of multijurisdictional law firms).[2] The agreement provides for a three-year injunction from the practice of law in Nevada, wherein Arase is prohibited from working in Nevada or accepting Nevada clients or matters related to foreclosures, loan modifications, or residential real estate. The agreement also provides that if Arase seeks to practice again in Nevada after the term of the injunction, either pro hac vice or as an applicant to our state's bar, he must disclose the instant case in any application. Further, he is required to pay the costs of the disciplinary proceedings within 30 days.

After reviewing the record of the instant disciplinary proceedings, we approve the conditional plea agreement in its entirety.[3] See SCR 113(1). Therefore, Arase is hereby enjoined from the practice of

---

[2]In exchange for this plea, the following alleged ethical violations were dismissed: RPC 8.1(a) (bar admission and disciplinary matters/making a false statement); RPC 8.1(b) (bar admission and disciplinary matters/failure to correct a misapprehension); and RPC 8.4 (misconduct).

[3]Our approval rests on the fact that Arase refunded all retainer fees received from Nevada clients without intervention from the State Bar of Nevada or the courts. Further, of the five Nevada clients Arase represented, none of them filed an individual complaint against him.

law in Nevada for three years from the date of the filing of this order. This injunction includes all areas of legal practice, including foreclosures, loan modifications, or any matter dealing with residential real estate. We further require that, should Arase wish to ever practice law in Nevada again, either as a Nevada attorney or pro hac vice, he disclose this instant disciplinary matter in any applications he may submit to this court or the State Bar of Nevada. Finally, Arase must pay the costs of the disciplinary proceedings within 30 days from the date of this order.

It is so ORDERED.

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

cc: Jeffrey R. Albregts, Chair, Southern Nevada Disciplinary Panel
David Clark, Bar Counsel
Michael Warhola, Esq.
Kimberly Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court